IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY<br>*On behalf of itself and all those*<br>*similarly situated*<br>8940 Darrow Road<br>Twinsburg, Ohio 44087<br><br>    Plaintiff,<br><br>    -vs-<br><br>FIELD RESEARCH, INC.<br>c/o Its Statutory Agent<br>David S. Levinson<br>349 Park Drive<br>Northbrook, IL 60062<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:<br><br>JUDGE<br><br><br><br>**CLASS ACTION COMPLAINT**<br>**AND JURY DEMAND** |

## INTRODUCTION

Plaintiff Advanced Dermatology ("Plaintiff") brings this nationwide Class Action Complaint against Field Research, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited facsimiles to people and businesses who have not given their consent. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself, and as to all other matters, upon information and belief, including investigation conducted by its attorneys.

    1.    The TCPA prohibits the use of a telephonic facsimile machine to send unsolicited advertisements.

1

## PARTIES

2. Plaintiff is a resident of Ohio who received multiple unsolicited facsimiles from Defendant on its office fax machine without its consent.

3. Defendant is an Illinois corporation with its headquarters located at 4125 Mason Drive, Hoffman Estates, IL 60195.

4. Defendant is a market research firm, that collects and maintains data on an assortment of medical professionals, for recruitment and reporting purposes throughout the United States.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 47 U.S.C. §227.

6. Venue is proper in this District because Defendant directed its tortious conduct at the Northern District of Ohio, causing Plaintiff's injury here.

## FACTS

7. Defendant sent the attached unsolicited one-page facsimiles to Plaintiff: Exhibit 1, on or around May 5, 2019, and Exhibit 2, on October 9, 2019.

8. Defendant's name is printed on the top of each facsimile along with Defendant's contact information, including fax number, phone, address, email and web address.

9. The facsimiles solicit the Plaintiff to call to qualify for a survey by offering an "Honorarium" for a specified dollar amount; Exhibit 1 for $150.00; and Exhibit 2 for $400.00.

10. The facsimiles encourage, **"It only takes 5 minutes to see if you qualify for our 60 minute Survey."** *Id.*

11. The facsimiles request the recipients to call Defendant at 877-770-8660 to set up their interview. *Id.*

12. The facsimiles provide a time range for the calls and a contact person: Exhibit 1, "Thursday, November 1st – Tuesday, November 13th. . . call Connie"; and Exhibit 2, "May 26th, to Tuesday, May 30th. . . ask for Darlene." *Id.*

13. Plaintiff and Defendant have no prior or existing business relationship, and Plaintiff did not give Defendant its number or consent to be sent a facsimile.

14. Defendant's facsimiles contain no opt-out notice.

15. On information and belief, the facsimiles sent by Defendant to Plaintiff is a form facsimile that Defendant uses to solicit participation in its surveys and to market its services.

16. On information and belief, Defendant causes the time and date reference not to appear on its facsimiles.

17. On information and belief, Defendant continues to send such facsimiles nationwide without prior consent to do so.

18. Defendant's transmission of the facsimiles caused damaged to Plaintiff, including, but not limited to, monetary loss due the costs of paper, ink and toner; monetary loss due to work interruption and the loss of employee time to review the facsimile; invasion of privacy; nuisance; trespass to its chattel by interfering with its office facsimile used to aid patients; stress; aggravation; and because a violation of the TCPA is itself a concrete injury.

19. All members of the proposed class below have suffered the same or substantially the same injury due to Defendant's conduct as described herein.

**CLASS ALLEGATIONS**

20. Class Definition: Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or businesses, defined as follows:

> All persons in the United States who received a facsimile from or on behalf of Defendant and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant or where the facsimiles did not provide optout language, within the four years prior to the filing of the Complaint until the class is certified.

21. Numerosity: The exact number of the number of class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals and businesses, given that extensive nature of Defendant's business and the need to contact hundreds if not thousands of the individuals to participate in its surveys. Nonetheless, class members can be easily identified through Defendant's or its agents' records.

22. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a) Whether Defendant sent the facsimiles or had them sent on its behalf;

    b) Whether Defendant had consent;

    c) Whether Defendant has processes in place to prevent these facsimiles;

    d) Whether Defendant's conduct was willful;

    e) Whether Defendant's facsimiles were solicitations; and

    f) Whether Defendant's conduct constitutes a violation of the TCPA.

23. Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

24. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff has retained counsel competent and experienced in complex litigation and class actions including TCPA cases. Furthermore, Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and they have the financial resources to do so.

25. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

### FIRST CLAIM FOR RELIEF
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The TCPA expressly prohibits unsolicited facsimile advertising, 47 U.S.C. § 227(b)(1)(C).

33. The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission in writing or otherwise." 47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(1).

34. The Sixth Circuit also looks to dictionary definitions of the word "advertising" to further clarify its meaning to "the action of calling something" of a "commercial nature" to the attention of the public." *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 221-222 (6th Cir. 2015)."

35. As such, a facsimile intending to draw the attention of the public to the desire of a defendant to enlist survey takers for a commercial purpose is an "advertisement" under the TCPA. See *Lyngaas, D.D.S. v. J. Reckner Associates, Inc*, U.S. Dist. Ct., E.D.Mich., 2:17-CV-12867 (Order filed 07/31/18, ECF No. 29). Defendant violated this provision by sending an unsolicited facsimile to Plaintiff.

36. Accordingly, Defendant's facsimile is regulated by the TCPA, and Defendants transmission of it without prior consent or a business relationship is unlawful.

37. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class have suffered actual damages as set forth above.

38. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff and members of the Class are each entitled to, *inter alia,* a minimum of $500 in statutory damages for each violation.

39. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class to $1,500 for each violation.

## **PAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages;

D. An award of reasonable litigation expenses and attorneys' fees;

E. An award pre- and post-judgment interest to the extent allowable; and

F. An award of any such other and further relief as equity and justice may require.

>Respectfully submitted,
>
>*/s/Ronald I. Frederick*
>Ronald I. Frederick (#0063609)
>Michael L. Berler (#0085728)
>Michael L. Fine (#0077131)
>Frederick & Berler LLC
>767 East 185th Street
>Cleveland, Ohio 44119
>(216) 502-1055 (phone)
>(216) 566-9400(fax)
>ronf@clevelandconsumerlaw.com
>mikeb@clevelandconsumerlaw.com
>michaelf@clevelandconsumerlaw.com
>*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

>*/s/Ronald I. Frederick*
>Ronald I. Frederick (#0063609)
>Frederick & Berler LLC
>*Attorney for Plaintiff*